# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:

     Garvin D. Freeman
     Kathryn S. Barbour Freeman

                             Case No. 16-54594
                             Chapter 13
                             HON. Phillip J. Shefferly

           Debtor(s).

_____/

## MOTION FOR DISGORGEMENT OF ATTORNEYS FEES AND THE AWARD OF DAMAGES, COSTS AND ATTORNEY FEES PURSUANT TO 11 U.S.C. § 526, 11 U.S.C. § 329 AND 11 U.S.C. § 330

NOW COMES, Garvin D. Freeman and Kathryn S. Barbour Freeman, Debtors herein, by and through their attorneys, CHARLES J. SCHNEIDER, P.C., and move this Honorable Court as follows:

1.      Debtors filed the above-captioned Chapter 13 case 10/26/2016.

2      This Court has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. § 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(E).

4.      Venue is proper pursuant to 28 U.S.C. §1409(b).

5.      Adam J. Gantz, hereinafter referred to as Gantz, is the former attorney of record in the within bankruptcy case who commenced the chapter 13 case to save the Debtors' home from an imminent foreclosure.

6.      Gantz obtained for the Debtors confirmation of their chapter 13 plan on January 14, 2017 which contained the standard "no-look" attorney fee award of $3,500.00. (Docket # 22)

1

7.     The amended chapter 13 plan, which was confirmed by the Court, was the model chapter 13 plan in effect with the standard provisions of the same requiring that both the continuing monthly payments and payments to the arrearage due the mortgagee, Stonecrest Financial, be paid prior to any payments to the claims of unsecured creditors.

8.     This provision was vital to the goal of the Debtors to retain their home.

9.     Stonecrest Financial was required to file a secured Proof of Claim to be paid its regular monthly payment and payment toward its arrears.

10.    Stonecrest Financial failed to do so.

11.    It was then incumbent upon Debtors' counsel Gantz, as any competent chapter 13 counsel would do to earn the above referenced "no-look" attorney, to either compel Stonecrest Financial to file a proof of claim or simply file a proof of claim on its behalf assuring that the goal and purpose of filing the Debtors' chapter 13 case which was that their mortgagee would receive payment ahead of unsecured claimants to stop their foreclosure would be achieved.

12.     Instead of demonstrating the competence required of any chapter 13 counsel, Gantz neglected or refused to file the claim.

13.    The neglect of Gantz was compounded by his total disregard of the contacts of representatives of the office of the Chapter 13 Trustee and his clients to fulfill his duty and file a claim on behalf of Stonecrest Financial. They advised him of his duty to file a proof of claim on behalf Stonecrest Financial in order to avoid payments being made to unsecured claims, as more particularly appears from the attached Exhibit "6".

14.    Gantz's neglect or intentional refusal of his duty would continue until Sept. 15, 2018 when he would file a proof of claim on behalf of Stonecrest Financial.

2

15.     Gantz' neglect or intentional refusal to perform his duty would cause the Trustee to make payment to unsecured claims in the amount of $8,762.79. Gantz, of course, would receive the remainder of $2,310.00 due to him by the Order Confirming Plan prior to any payments made to Stonecrest Financial or the unsecured claims as more particularly appears from the attached Exhibit "7".

16.     Consequently, the Debtors received a notice on or about January 30, 2018 from their chapter 13 Trustee that the confirmed chapter 13 was no longer feasible and required an increase in payment as more particularly appears from the attached Exhibit "8".

17.     Having received no communication from Gantz in response to the above referenced notice, the Debtors contacted their chapter 13 Trustee and were provided a list of recommended attorneys from their chapter 13 Trustee whereupon the undersigned attorney was contacted by the Debtors and there was a substitution of counsel.

18.     Due to the neglect or intentional refusal to perform his duty the Debtors have had to increase their payment to the chapter 13 Trustee by $189.93 per month.

19.     Debtors' income has always been precarious due to the occasional illness they have recently experienced and the fact that the Debtor husband, who is a musician, has to receive "gigs" to earn his income.

20.     The Debtors were solicited by Gantz prior to the foreclosure sale on their home assuring them that in addition to his ability to stop a foreclosure of the home that they may be allowed to unsecured debts "for just pennies on the dollar", as more particularly appears from the attached Exhibit "9".

21.     Gantz continued his representation by composing a chapter 13 plan which was signed

3

by the Debtors giving a priority of payment to their mortgagee over "just pennies on the dollar" to the unsecured creditors. Debtors were led to believe in the representations made in their chapter 13 plan and Gantz that the priority would occur. Debtors were led to believe by Gantz that he would perform his duties as their chapter 13 counsel competently and diligently. Gantz would admit to the Debtors that his own conduct was "unacceptable". (See Exhibit "6") Debtors agree.

22.     Gantz is a "debt relief agency" and Debtors are assisted persons.

23.     11 USCS § 526 provides that:

(a)  A debt relief agency shall not--
(1) fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title;...
(3)  misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to--
      (A)  the services that such agency will provide to such person;...

(c)(2)  Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have--
      (A)  intentionally or negligently failed to comply with any provision of this section, section 527 [11 USCS § 527], or section 528 [11 USCS § 528] with respect to a case or proceeding under this title for such assisted person;
      or
      (C)     intentionally or negligently disregarded the material requirements of this title or the Federal Rules of Bankruptcy Procedure applicable to such agency.

(5)  Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal or State law, if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may--
      (B)  impose an appropriate civil penalty against such person.

24.     Gantz failed to perform a service that he informed the Debtors that he would perform

4

which was to give a priority of payment to the Debtors' mortgagee in order to prevent the future occurrence of a foreclosure on the Debtors' residence. The service that was required was to file a proof of claim on behalf of the Debtors' mortgagee if it should fail to do so. Gantz represented to the Debtors that the mortgagee would receive a priority of payment ahead of other unsecured claims when they signed the chapter 13 plan drafted by Gantz. Gantz has thereby intentionally or negligently failed to comply with 11 U.S.C. § 526.

25.     Gantz is, therefore, liable to the estate and/or the Debtors for the reasonable attorney fees and costs associated with the modification of the Debtors' plan in addition to a civil penalty for the same.

26.     11 USCS § 330 also provides that:

(a)  (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329 [11 USCS §§ 326, 328, and 329], the court may award to a trustee, a consumer privacy ombudsman appointed under section 332 [11 USCS § 332], an examiner, an ombudsman appointed under section 333 [11 USCS § 333], or a professional person employed under section 327 or 1103 [11 USCS § 327 or 1103]--
        (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
        (B)  reimbursement for actual, necessary expenses.
(2)  The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

27.     When an attorney accepts a "no-look" flat fee of $3,500.00 in a chapter 13 case, it is assumed that the attorney has competently and diligently represented the interests of his clients and the estate. Upon this assumption, the duty of both the Trustee and the Court to examine the reasonableness of the compensation are waived under 11 U.S.C. § 330. In this case, the assumptions were incorrect as Gantz has not competently and diligently represented the interests. In fact, his

5

representation of the Debtors has created great harm to the Debtors jeopardizing the retention of their home. $8,762.79 has needlessly been paid to unsecured claims which should have gone to their mortgagee. The Debtors are now compelled to struggle further as their chapter 13 plan needed an amendment to be paid timely within the remaining length of their confirmed chapter 13 plan. The remaining length is 45 months. Debtors' modification of their chapter 13 will cost them 45 x $189.93 = $8,546.85. Between the funds lost to unsecured claimants and the future deficiency that has to made up, the total damage to the Debtors is $8,762.79 + $8,546.85 or $17,309.64.

28.     11 USCS § 329 provides that:

(a)  Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b)  If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--
    (1)  the estate, if the property transferred--
        (A)  would have been property of the estate; or
        (B)  was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title [11 USCS §§ 1101 et seq., 1201 et seq., or 1301 et seq.]; or

    (2)  the entity that made such payment.

29.     The amount of compensation received by Gantz far exceeded the reasonable value of compensation rendered by him in view of the substantial harm done to the Debtors. The entire amount of $3,500.00 ought to be disgorged by the Court.

30.     Debtor sought concurrence for the within Motion on April 16, 2018 but that the same was not consented to.

Wherefore, Debtors pray for the entry of this Court's Order granting the following:

A.      That this Court disgorge the attorney fees awarded to Gantz previously either to the

6

bankruptcy estate or to the Debtors.

B.     That this Court award damages to the Debtors or the estate in the amount of $17,309.64.

C.     That this Court award the Debtors actual costs and attorney fees in the amount of $2,000.00 for having to bring the within matter before the Court.


Respectfully submitted:


 /s/   Charles J. Schneider
CHARLES J. SCHNEIDER, P.C.
CHARLES J. SCHNEIDER  (P27598)
LISA M. NEDZLEK (P71407)
NICHOLAS D. CHAMBERS (P72084)
Attorneys for Defendant
39319 Plymouth Road, Suite 1
Livonia MI 48150
(734) 591-4890
notices@cschneiderlaw.com

Dated: April 16, 2018

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

      Garvin D. Freeman
      Kathryn S. Barbour Freeman

                        Case No. 16-54594
                        Chapter 13
                        HON. Phillip J. Shefferly

              Debtor(s).

_____/

## ORDER DISGORGING ATTORNEYS FEES AND AWARDING DAMAGES, COSTS AND ATTORNEY FEES PURSUANT TO 11 U.S.C. § 526, 11 U.S.C. § 329 AND 11 U.S.C. § 330

      This matter having come to be heard upon the Debtors' Motion for Disgorgement of Attorney Fees and the Award of Damages, Costs and Attorney Fees Pursuant to 11 USCS § 526, 11 U.S.C. § 329 and 11 U.S.C. § 330 pursuant to E.D. Mich. LBR 9014-1, a Certificate of Non Response having been filed, due notice thus having been given, and the court being fully advised of the premises;

      IT IS HEREBY ORDERED that the entire attorney fee of $3,500.00 previously awarded to Adam J. Gantz is disgorged and shall be paid to _____.

      IT IS FURTHER ORDERED that the Court awards damages to the _____in the amount of $17,309.64.

      IT IS FURTHER ORDERED that the Court awards actual costs and attorney fees in the amount of $2,000.00 which shall be paid to Debtor's current counsel.

Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

     Garvin D. Freeman
     Kathryn S. Barbour Freeman

                              Case No. 16-54594
                              Chapter 13
                              HON. Phillip J. Shefferly

            Debtor(s).

_____/

**BRIEF IN SUPPORT OF MOTION FOR DISGORGEMENT OF ATTORNEYS FEES
AND AWARD OF DAMAGES, COSTS AND ATTORNEY FEES PURSUANT TO 11
U.S.C. § 526, 11 U.S.C. § 329 AND 11 U.S.C. § 330**

     Debtor relies on the statutory provisions of 11 U.S.C. § 526, 11 U.S.C. § 329 and 11 U.S.C.

§ 330.

                                Respectfully submitted:

                             /s/  Charles J. Schneider
                           CHARLES J. SCHNEIDER, P.C.
                           CHARLES J. SCHNEIDER  (P27598)
                           LISA M. NEDZLEK (P71407)
                           NICHOLAS D. CHAMBERS (P72084)
                           Attorneys for Defendant
                           39319 Plymouth Road, Suite 1
                           Livonia MI 48150
                           (734) 591-4890
                           notices@cschneiderlaw.com

Dated: April 16, 2018

# UNITED STATES BNKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:

    Garvin D. Freeman
    Kathryn S. Barbour Freeman

                                    Case No. 16-54594
                                    Chapter 13
                                    HON. Phillip J. Shefferly

              Debtor(s).

_____/

## NOTICE OF MOTION FOR DISGORGEMENT OF ATTORNEYS FEES AND AWARD OF DAMAGES, COSTS AND ATTORNEY FEES PURSUANT TO 11 U.S.C. § 526, 11 U.S.C. § 329 AND 11 U.S.C. § 330

Garvin D. Freeman and Kathryn S. Barbour Freeman, Debtors herein, by and through their attorney, Charles J. Schneider, P.C., have filed a Motion for Disgorgement of Attorney Fees and Award of Damages, Costs and Attorney Fees 11 U.S.C. § 526, 11 U.S.C. § 329 and 11 U.S.C. § 330.

You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to grant Debtors' Motion for Disgorgement of Attorney Fees and Award of Damages, Costs and Attorney Fees 11 U.S.C. § 526, 11 U.S.C. § 329 and 11 U.S.C. § 330, or if you want the court to consider your views on the motion, within FOURTEEN (14) days from the date of service of this motion, you or your attorney must:

    1.      File a written response or an answer explaining your position with:

           U.S. Bankruptcy Court
           211 W. Fort Street, Suite 2100
           Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the FOURTEENTH (14th) day from the date of service of this motion.

You must also send a copy to:

Charles J. Schneider, P.C., Attorney for Defendant 39319 Plymouth Rd, Suite 1, Livonia, MI 48150

     If you or your attorney do not take these steps, the Court may deem that you do not oppose the Motion for Disgorgement of Attorney Fees and Award of Damages, Costs and Attorney Fees 11 U.S.C. § 526, 11 U.S.C. § 329 and 11 U.S.C. § 330, in which event the Motion will be granted.

Respectfully submitted:

/s/  Charles J. Schneider
CHARLES J. SCHNEIDER, P.C.
CHARLES J. SCHNEIDER  (P27598)
LISA M. NEDZLEK (P71407)
NICHOLAS D. CHAMBERS (P71407)
Attorneys for Debtors
39319 Plymouth Road, Suite 1
Livonia MI 48150
(734) 591-4890
Dated:  April 16, 2018        notices@cschneiderlaw.com

# Charles Schneider

**From:**      Krispen Carroll <krispen@det13ksc.com>
**Sent:**      Monday, March 12, 2018 1:14 PM
**To:**      Charles Schneider
**Cc:**      Bethann Schick
**Subject:**      FREEMAN - 16-54594

**TimeMattersID:**      MCF7CA8BC705B801
**TM Contact:**      Garvin D. Freeman
**TM Matter No:**      18-12498
**TM Matter Reference:**      In re Freeman,Garvin & Barbour Freeman, Kathryn

Charlie:

Bethann advised me that you were requesting information regarding correspondence between our office and the debtor's prior attorney regarding the mortgage company's failure to file a claim. The following is a list of the various correspondence between our office and Mr. Gantz in the months following confirmation of this case. Please let me know if you have any questions.

5/12/17 - The four month review letter was sent reflecting that there was no claim filed for the MTG
5/26/17 - KSC sent email advising Mr. Gantz that he may want to consider filing POC for MTG and advised that we would be disbursing funds to unsecured creditors if not filed
7/7/17 – Email sent advising Mr Gantz that there is still no POC filed for MTG and that we would begin disbursing to unsecured creditors
8/9/17 – Bethann sent additional email re no POC and will be adjusting dividend to pay funds on hand
8/22/17 - Bethann rcvd email from atty and advised POC needed by 8/28/18 to avoid disbursement to unsecured
9/5/17 – Bethann emailed atty to advise we are not in receipt of POC and the funds will be paid out with disbursement on 9/6/17
9/15/17 – Bethann received an email from atty saying he was working on filing POC
* The POC was filed 9/15/17 and the percent to unsecured was adjusted to reflect same.

Krispen S. Carroll
Chapter 13 Standing Trustee - Detroit
719 Griswold Street, Suite 1100
Detroit, Michigan 48226
(313) 962-5035
krispen@det13ksc.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please destroy it and notify the Office of the Chapter 13 Standing Trustee Krispen S. Carroll at (313)962-5035 ext. 224 immediately. Thank you.

Exhibit 6

Kathryn Barbour <fairiesandbears@gmail.com>

# Mortgage claim

**Adam Gantz** <agantz@gantzassociates.com>     Thu, Sep 7, 2017 at 2:14
                                                                                    PM
To: Kathryn Barbour Freeman <fairiesandbears@gmail.com>

Folks:

I'm stuck in a deposition all afternoon, and will not be available by phone until tomorrow.

I spoke to the trustee's office. I'm going to have to file a proof of claim on behalf of the mortgage company.

I hope to be able to get it filed tomorrow (Friday).

If there are any other issues to discuss I will be available tomorrow.

Adam


Sent from my iPhone

Kathryn Barbour <fairiesandbears@gmail.com>

## Mortgage claim

**Kathryn Barbour** <fairiesandbears@gmail.com>
To: Adam Gantz <agantz@gantzassociates.com>

Thu, Sep 7, 2017 at
10:06 PM

Dear Mr. Gantz, thank you for your response. The trustee went ahead and dispersed all of our eleven months accumulated holdings to unsecured claimants on Sept. 6. They are telling us that we are in serious danger of losing our home and that we have to "light a fire under you" or just fire you. You must know by now that we aren't big MEANIES, but this is becoming terrifying for us in our naivety. We also have property taxes due on September 14 that we will be paying in a few days. Please confirm with us when you have filed the necessary paper work concerning the mortgage claimants in the next couple of business days. Thanks again, we really like you and want the best for you and for us, enough fear, resolution is way better,
Garvin and Kathryn Barbour Freeman
Hope you are feeling better!!

March 7, 2018

To: Charles J. Schneider, P.C.
39319 Plymouth Rd., Suite One
Livonia, MI 48150

Regarding: Chapter 13 Case #16-54594-PJS
Kathryn Barbour Freeman
Garvin Duane Freeman
1515 McCarthy St.
Ypsilanti, MI 48198

Dear Mr. Schneider;

Enclosed please find a brief chronicling of our attempts to contact Adam Gantz, P.C. and keep our Chapter 13 case progressing appropriately. We attended the meeting of creditors on December 2, 2016. Some weeks later we received information that our case had been confirmed. At about the same time, Stonecrest, the mortgager was calling attempting to have us make another type of settlement with them. We informed them that we were in Chapter 13 and requested that they contact Mr. Gantz. We called Mr. Gantz repeatedly in an effort to have him deal with them on the Chapter 13. Stonecrest agents continued to call us for the next few weeks stating that they had left a number of messages for Mr. Gantz but he failed to return their calls. Garvin received a kidney transplant on January 28, 2017, some complications ensued and we were at the hospital more than at home for several weeks. We continued to call

Mr. Gantz's office several times a week for clarification to no avail. Finally, about mid February Mr. Gantz did leave a message that he would be in his office and able to speak with us on a particular day. Given our situation with the transplant, calling remotely from the hospital, trying to keep up our personal business, we inadvertently redialed his number which turned out to be his personal cell phone. He did answer unhappily. We apologized and he begrudgingly listened to our concern about the mortgager saying that he would call them. We never heard back from him.

In May, we received a letter from the Trustee stating that there was an issue with the mortgage claim. Having not heard back from Mr. Gantz since mid February we began calling his office again. We called one to three times a week and emailed his website several times until about mid August 2017. Finally after we threatened to call local news stations, etc., he returned our call. He said that he would resolve the mortgage claim situation immediately saying that his response to us previously was "unacceptable" and that he would try to do better in future. We began to call him again in September when it appeared that the claim had not yet been filed, requesting proof. The Trustee agent will also verify that she attempted to reach Mr. Gantz by phone and email to no avail during this time between at least May to September, our time of attempts was much longer. We have not been able to recover the email messages to Mr. Gantz's website, not being skilled at the computer. We are wondering if they were not recorded in our sent box because we wrote them within his website. However,

enclosed are a few emails where he did finally request the mortgage claim belatedly and with us hounding him every exasperating step of the way. Our response exhibits our fear and frustration. By this time, dispersments had been made to unsecured creditors and much damage to us had been done.

In early January of this year, we received a call from a debt counselor on behalf of a new mortgager asking us how he could help us remain in our house. We began to call Mr. Gantz again for advice, confused, anxious, our trust was entirely gone. We received another notice from the Trustee office dated January 30, 2018 informing us that our case was running beyond the confirmed dates. We continued to call Mr. Gantz office as much as three times a week leaving urgent messages. Mr. Gantz failed to respond to our calls again. We finally retained Mr. Schneider, one of the attorneys on the Trustee council substitutution list, at the repeated recommendation by the Trustee agent, Beth Ann, to replace Mr. Gantz as council on February 19, 2018. You can see that we had notified Mr. Gantz of the Trustee recommendation to replace him in our email of September 7, 2018 but it had no effect. Also, we included a copy of another client review which reflects that Mr. Gantz continues his unprofessional practices.

We are truly disappointed in Mr. Gantz lack of professionalism and any show of caring for us as clients or the harm he has caused us. Respectfully,

Garvin and Kathryn Barbour Freeman

# OFFICE OF THE CHAPTER 13 TRUSTEE—DETROIT
## KRISPEN S. CARROLL

719 GRISWOLD•SUITE 1100•DETROIT, MI 48226
Telephone: (313) 962-5035 • Facsimile: (313) 965-1940 • Website: www.det13ksc.com

**Margaret Conti Schmidt**
*Attorney Administrator*
**Maria Gotsis**
*Attorney Administrator*

**Nancy A. Kapitan**
*Operations Administrator*
**Nancy L. Armstrong**
*Audit Manager*
**Travis Hall**
*Manager of Information Services*

May 12, 2017

Kathryn Barbour-Freeman
Garvin Duane Freeman
1515 Mccarthy Street
Ypsilanti, MI 48198

Name:                    Kathryn Barbour-Freeman & Garvin Duane Freeman
Chapter 13 Case No:      16-54594-PJS

## Information About Your Recently Confirmed Chapter 13 Case

Dear Kathryn Barbour-Freeman & Garvin Duane Freeman:

> **Your plan has been confirmed for four months.** Confirmation of your plan is the first step in your journey through the Chapter 13 Process. Working together with you and your attorney, our goal is to have you successfully complete your case and receive your discharge.

**We need you to help us administer your case** - Your Chapter 13 case cannot succeed without your involvement. We strongly suggest that you review your plan and the Order Confirming Plan to make sure you understand everything that is required.

> Our office has completed our first post confirmation review. The results of that review are listed on the enclosed "Four Month Review Status Sheet". **YOU SHOULD REVIEW THIS LIST CAREFULLY AND CONSULT WITH YOUR ATTORNEY ABOUT ANY ITEMS ON THAT LIST OR OTHER QUESTIONS YOU MAY HAVE. If there are problems in your case, it is far easier to fix those problems now rather than waiting until later, when it may be too late.**

The items listed on the Four Month Review Status Sheet address current oustanding issues. Your plan also has a number of things that you may have to do while you are in Chapter 13, such as:

- You *must* make all payments required by your plan.
- You *must* send us a copy of your Tax Returns filed each year. **This is required in all cases.**
- You may have to send payment representing all Tax Refunds received each year.
- You may have to send any additional funding committed to the plan (profit sharing, bonuses, commissions, etc.).

**Please review your plan and the Order Confirming Plan to determine exactly what is required of you.** If you do not have a copy of your plan or the Order Confirming Plan, or if you are not sure what you are required to do, please contact your attorney.

Your plan is scheduled to last for a number of years. Many things can happen while you are in Chapter 13 that could cause problems with the successful completion of your plan, such as:

- Creditors may file Claims for more then you expected
- You could fail to make one or more plan payments
- If your mortgage is being paid by the Trustee, the mortgage company could increase your monthly mortgage payment. This could require you to increase your plan payment.

**Many people have one or more "life changing events" occur while in Chapter 13.** For example:

- The birth of a child
- The death of someone that you were supporting or that provided support to you
- Promotions in your employment or increases in salary
- Loss of employment or retirement
- Major home repairs such as the need to repair or replace a roof or furnace
- The need to replace a motor vehicle

**If you have one or more of these "life changing events", please contact your attorney immediately.** There are things that can be done to keep your case working properly, but they require you to take steps right away. Do not wait to deal with these problems - these problems **never** "go away" all by themselves.

As you can see, your plan does not necessarily take into account everything that can happen while you are in Chapter 13. **You must remain active and involved in your case.** You can review your case on the internet for free at http://www.13network.com. Select your Trustee (Krispen S. Carroll), and enter your User ID (your case number without any dashes or spaces) and your Password (your Social Security number without any dashes or spaces).

**Many circumstances can arise that may affect your Chapter 13 plan. We cannot give legal advice and cannot take action without a court order. We strongly suggest you stay in contact with your attorney to answer any questions you have and to deal with any problems or changes that may arise while you are in Chapter 13.**

We wish you the best of luck as your Chapter 13 plan proceeds. We are dedicated to your success and look forward to working with you and your attorney to make sure your case succeeds and that you receive the discharge you will have earned.

Chapter 13 Standing Trustee

/s/ Krispen S. Carroll
Krispen S. Carroll, Chapter 13 Trustee

cc: GANTZ LAW FIRM
30903 NORTHWESTER HIGHWAY
SUITE 270
FARMINGTON HILLS, MI 48334

# OFFICE OF THE CHAPTER 13 TRUSTEE - DETROIT
## KRISPEN S. CARROLL
719 GRISWOLD•SUITE 1100•DETROIT, MI 48226
Telephone: (313) 962-5035 • Facsimile: (313) 965-1940 • Website: www.det13ksc.com

**Kathryn Barbour-Freeman & Garvin Duane Freeman**
**16-54594-PJS**

### 4 Month Review Status Sheet

Here is a checklist of problems in your case that will need to be addressed before you can get a discharge. We want your case to succeed. You should review this checklist carefully and discuss these issues with your attorney. *Most problems can be fixed before the end of the case if you start addressing the issues now.*

Only the problems checked under "Outstanding Problems" apply at this time. You can use the "check boxes" in the right hand column to track your progress on fixing the problems if you desire. Some people like to track their progress and use their own "check list" to see which problems have been addressed and which ones remain to be addressed. These "check boxes" are for your use if you want to use them.

This list does not mean that additional problems will not occur in the future. You should stay involved in your case and contact your attorney to make sure new problems are identified and addressed quickly.

**Outstanding**
**Problems**

**Problems You**
**Have Resolved**

☑      No proof of claim filed by the mortgage company
☐

We want you to stay on top of any problems in your case. You will want to review these problems with your attorney. There are many ways to handle these problems and keep your case on track. **Please do not ignore these problems. They will not "go away" unless you work with your attorney to take action to fix these problems.**

## PRINT INQUIRY        Close Window                    Click Here to Print this Page

| 16-54594-PJS | KATHRYN BARBOUR-FREEMAN (xxx-xx-6818) | 1515 MCCARTHY STREET • • YPSILANTI • MI • 48198 | $1,112.63 MO | Bar Date(s): | 3/2/2017 (has passed) 4/24/2017 (has passed) |
|---|---|---|---|---|---|
| | GARVIN DUANE FREEMAN (xxx-xx-1363) | 1515 MCCARTHY STREET • • YPSILANTI • MI • 48198 | | Confirmed: | 1/14/2017 |
| | Trustee: Krispen S. Carroll | Attorney: GANTZ LAW FIRM | | Case Status: | OPEN/ACTIVE |

The data on these pages has not been audited and is provided for general information only.

## Financials

| Date | Payee | Payee Name | Source / Check | Description | Receipts | Disbursements |
|---|---|---|---|---|---|---|
| 2/7/2018 | 1 | STONECREST FINANCIAL | xx48931 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,029.18 |
| 1/23/2018 | | | TFS 1/23/18 | TFS -Plan Payment | $1,112.63 | |
| 1/23/2018 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 1/5/2018 | 1 | STONECREST FINANCIAL | xx46783 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,029.18 |
| 12/12/2017 | | | TFS 12/12/17 | TFS -Plan Payment | $1,112.63 | |
| 12/12/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 12/6/2017 | 1 | STONECREST FINANCIAL | xx44752 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,029.18 |
| 11/13/2017 | | | TFS 11/13/17 | TFS -Plan Payment | $1,112.63 | |
| 11/13/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 11/1/2017 | 1 | STONECREST FINANCIAL | xx42484 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,029.19 |
| 10/13/2017 | | | TFS 10/13/17 | TFS -Plan Payment | $1,112.63 | |
| 10/13/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 9/6/2017 | 4 | PORTFOLIO RECOVERY ASSOCIATES LLC | xx38313 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,950.06 |
| 9/6/2017 | 6 | PORTFOLIO RECOVERY ASSOCIATES LLC | xx38313 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $872.03 |
| 9/6/2017 | 7 | PORTFOLIO RECOVERY ASSOCIATES LLC | xx38313 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $164.32 |
| 9/6/2017 | 8 | RESURGENT CAPITAL | xx38358 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,053.22 |
| 9/6/2017 | 9 | RESURGENT CAPITAL | xx38358 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $325.87 |
| 9/6/2017 | 11 | MERRICK BANK | xx38061 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,263.62 |
| 9/6/2017 | 12 | MERRICK BANK | xx38061 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $319.60 |
| 9/6/2017 | 13 | SADINO FUNDING LLC | xx38380 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,214.48 |
| 9/6/2017 | 16 | VATIV RECOVERY SOLUTIONS | xx38572 | Amount Disb to Creditor - MONTHLY DISBURSEMENTS | | $1,599.29 |
| 8/31/2017 | | | TFS 08/31/17 | TFS -Plan Payment | $1,112.63 | |
| 8/31/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 8/3/2017 | | | TFS 8/3/17 | TFS -Plan Payment | $1,112.63 | |

16-54594-pjs   Doc 36   Filed 04/16/18   Entered 04/16/18 17:03:42   Page 21 of 28

Exhibit 7

| Date | | Name | Ref | Description | Amount In | Amount Out |
|------|---|------|-----|-------------|-----------|-----------|
| 8/3/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 6/29/2017 | | | TFS 6/29/17 | TFS -Plan Payment | $1,112.63 | |
| 6/29/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 6/2/2017 | | | TFS 6/2/17 | TFS -Plan Payment | $1,112.63 | |
| 6/2/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 5/4/2017 | | | TFS 5/4/17 | TFS -Plan Payment | $1,112.63 | |
| 5/4/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 3/31/2017 | | | TFS 3/31/17 | TFS - Tax Refund | $844.00 | |
| 3/31/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $63.30 |
| 3/30/2017 | | | TFS 3/30/17 | TFS -Plan Payment | $1,112.63 | |
| 3/30/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 3/2/2017 | | | TFS 3/2/17 | TFS -Plan Payment | $1,112.63 | |
| 3/2/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 3/1/2017 | 0 | GANTZ LAW FIRM | xx24186 | Atty Fee - MONTHLY DISBURSEMENTS | | $251.64 |
| 2/2/2017 | | | TFS 2/2/17 | TFS -Plan Payment | $1,112.63 | |
| 2/2/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $83.45 |
| 2/1/2017 | 0 | GANTZ LAW FIRM | xx22004 | Atty Fee - MONTHLY DISBURSEMENTS | | $2,058.36 |
| 1/4/2017 | | | 9408 | Money Order - Debtor | $1,000.00 | |
| 1/4/2017 | | | 9397 | Money Order - Debtor | $112.63 | |
| 1/4/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $75.00 |
| 1/4/2017 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $8.45 |
| 11/29/2016 | | | 4735 | Hold MO/CC One Disb | $1,000.00 | |
| 11/29/2016 | | | 4746 | Hold MO/CC One Disb | $112.63 | |
| 11/29/2016 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $75.00 |
| 11/29/2016 | | KRISPEN S. CARROLL | | TRUSTEE FEE | | $8.45 |
| | | | | Totals: | $16,420.82 | $16,420.82 |

# OFFICE OF THE CHAPTER 13 TRUSTEE - DETROIT
## KRISPEN S. CARROLL
719 GRISWOLD•SUITE 1100•DETROIT, MI 48226
Telephone: (313) 962-5035 • Facsimile: (313) 965-1940 • Website: www.det13ksc.com

**Margaret Conti Schmidt**
*Attorney Administrator*
**Marla Gotsis**
*Attorney Administrator*

**Nancy A. Kapitan**
*Operations Manager*
**Nancy L. Armstrong**
*Audit Manager*
**Travis Hall**
*Manager of Information Services*

*BethAnn*
*313 962 5040*

January 30, 2018

Kathryn Barbour-Freeman
Garvin Duane Freeman
1515 Mccarthy Street
Ypsilanti, MI 48198

Case Number:  16-54594-PJS

Case Name:    Kathryn Barbour-Freeman & Garvin Duane Freeman

Dear Debtors,

    We have recently conducted a review of the above-referenced case.  According to our calculations, this case is running beyond the confirmed length of the Plan.  Please take whatever actions you deem appropriate.

Sincerely.

Christina Haley
Case Auditor

cc:    GANTZ LAW FIRM
      30903 NORTHWESTER HIGHWAY
      SUITE 270
      FARMINGTON HILLS, MI 48334

**Exhibit 8**

# GAN-I-Z ASSOCIA-I-ES

### A Full Service Law Firm

31275 Northwestern Highway, Suite 208
Farmington Hills, MI 48334

Toll Free Tel: (248) 702-0550
Fax: (248) 702-0554

## NOTICE REGARDING FORECLOSURE

Dear Kathryn Barbour:

You are receiving this Notice because **your home has been scheduled for public auction sale!** The good news is that if you act now, you can **still** avoid the **painful consequences** of foreclosure. Unlike other attorneys sending you letters about your pending foreclosure, GAN-I-Z ASSOCIA-I-ES is **not** merely a bankruptcy firm, and we do **not** recommend bankruptcy to every client. We take the time to gather your personal information, goals, and future plans, in order to formulate a plan to fit your needs.

**Regardless of your circumstances, there is a foreclosure prevention plan for you, including:**

**Chapter 13 Bankruptcy.** If you previously suffered a temporary hardship, such as job loss or injury, now have sufficient income to pay your current monthly bills, but you do not have the funds to get caught up on the past due amount, your plan may consist of a Chapter 13 Bankruptcy, allowing you to repay past due bills over a three to five year period, usually without interest. In fact, some debts, such as credit cards, medical bills, personal loans and payday loans can be paid back "in full" for just pennies on the dollar.

**Chapter 7 Bankruptcy.** If you are not emotionally attached to your home, or simply cannot afford it, your plan may consist of a Chapter 7 bankruptcy, to **eliminate the debt**, and provide a **fresh start**.

**Short Sale/Deed in Lieu of Foreclosure/Cash for Redemption.** If you are not attached to, or cannot afford your home, but do not qualify for bankruptcy, your plan may consist of a short sale, deed in lieu of foreclosure, or cash for redemption, **enabling you to walk away debt free, and often with a few thousand dollars.**

**Foreclosure Litigation.** Were you **tricked** into foreclosure with promises of modification, followed demands for the same financial documents **over and** over for months or even years, only to be denied after you are too far behind to catch up? Is your servicer relying on a forged assignment? Is your foreclosure based upon a fraudulently inflated escrow or other improper charge? Did you participate in the statutory modification process, **and** qualify for modification, only to have an illegal sheriff's sale scheduled? **If you have been victimized by your lender - even if foreclosure has already occurred - your plan may consist of a lawsuit, which often results in a settlement involving a loan modification, including a possible principal reduction.**

You may be thinking: "Sounds great, but how can I pay a lawyer when I can't pay my mortgage?" Don't worry. **If you are willing to entrust us with your legal issues, we will figure out a way to work with you!** Our fees start as low as $500, and can often be split into a payment plan, spread over time, for your convenience.

**Call now at (248) 702-0550 to formulate your plan.**

Sincerely,

GAN-I-Z ASSOCIA-I-ES

Adam J. Gantz, Esq.

**Please see the opposite side of this page for detailed information on Chapter 13 and Chapter 7 Bankruptcy.**

Exhibit 9

# Chapter 13 Can Save Your Home

**When you file a Chapter 13 prior to the sheriff's sale date, you can force the bank to cancel the sale, take the loan out of default status, and begin taking your monthly payments again.**

**What is Chapter 13?** Chapter 13 is a repayment program, which is often interest-free, and which allows you to repay your debts – sometimes at pennies on the dollar or for nothing at all – while stopping harassment by your creditors.

**Who Qualifies for Chapter 13?** In order to qualify, you must prove that you have the necessary income to pay, at a minimum, your mortgage, car payments, food and utilities, plus a little extra each month to catch up on any past due mortgage and/or car payments over a period of time, typically three to five years. Depending on your income, at the completion of your Chapter 13 plan, your other obligations, such as credit card, medical, and other debt, may be deemed "paid in full", for pennies on the dollar, or in some cases no payment at all!

**What Can Filing a Chapter 13 Do For Me?**

· Stop attempts to foreclosure upon your home or other real estate.

· Remove a 2nd mortgage or other junior lien from your home or other real estate.

· Stop attempts to repossess your car and even force a recently repossessed car to be returned to you.

· Stop your wages, bank accounts, and tax refunds from being garnished, and force the return of garnished funds to you.

· Stop harassment by your creditors. No more phone calls or letters. We'll take care of everything.

· Have your credit card, medical other unsecured debt deemed discharged, as if it was paid in full, for just pennies on the dollar, or even zero in some instances, and often with no interest at all.

· Stop all further obligations to creditors whose services you have not yet fully received, such as health clubs, dance studios, correspondence courses, leases, and void certain liens against your possessions and other personal items.

# Chapter 7 Can Provide a Fresh Start

**When you file a Chapter 7 prior to the sheriff's sale date, you can force the bank to cancel the sale, take the loan out of default status, and begin taking your monthly payments again.**

Every year, countless Americans like you, find themselves in crisis, whether due to a job loss, the reduction of income, retirement, the death of a spouse, or an unforeseen medical expense. If you are struggling with credit cards, medical bills, payday loans, and other crushing obligations, and you qualify, you can find **complete relief** with a Chapter 7 Bankruptcy. Chapter 7 is for people severely burdened by debt, who don't have the income to pay it back. Credit card, medical, and utility bills, as well as and balances on foreclosures and repossessions, can be wiped away. Student loans and tax debts are not easily discharged, but can be in certain instances.

**What is the difference between Chapter 7 and Chapter?** Chapter 7 generally discharges **all** your debts, letting you pay your creditors **nothing ever again**, but it requires you to surrender any secured property that is behind in payments. In other words, if you are in foreclosure, you would generally file a Chapter 13 bankruptcy if your goal was to save your home, or a Chapter 7 bankruptcy if your goal was to walk away from your home and start fresh, free of debt.

**Can I keep my other property in a Chapter 7?** The law provides generous exemptions, which typically allows you to retain property listed on your Bankruptcy Petition, such as household goods, vehicles, houses or other real estate you may have an interest in, lawsuits, pensions, IRAs, bank accounts, stocks, bonds, pensions, lawsuits, or inheritances.

Eligibility to file Chapter 7 Bankruptcy for consumer debt is determined by a means test, which our attorneys will explain to you when you call us.

**How Do I Start the Process?** The first step is the hard part - finding an honest and experienced, but affordable bankruptcy attorney, who will help you formulate a game-plan, do the job right the first time, and protect your interests. The attorneys at GANTZ ASSOCIATES are here to help! **Call us NOW at (248) 702-0550 to formulate YOUR game-plan.**

Label Matrix for local noticing
0645-2
Case 16-54594-pjs
Eastern District of Michigan
Detroit
Mon Apr 16 16:50:32 EDT 2018

Kathryn Barbour-Freeman
1515 McCarthy Street
Ypsilanti, MI 48198-6682

Barclays Bank Delaware
P.o. Box 8803
Wilmington, DE 19899-8803

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Krispen S. Carroll
719 Griswold
Suite 1100
Detroit, MI 48226-3314

Nicholas Donithorne Chambers
39319 Plymouth Road
Suite 1
Livonia, MI 48150-1059

Credit One Bank Na
Po Box 98872
Las Vegas, NV 89193-8872

Enhanced Recovery Co L
8014 Bayberry Rd
Jacksonville, FL 32256-7412

Garvin Duane Freeman
1515 McCarthy Street
Ypsilanti, MI 48198-6682

Adam J. Gantz
The Gantz Law Firm
30903 Northwestern Highway
Suite 270
Farmington Hills, MI 48334-3148

LVNV Funding, LLC its successors and assigns
assignee of FNBM, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Matthew Turchyn
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302-0183

Merrick Bank
Po Box 9201
Old Bethpage, NY 11804-9001

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Palisades Acquisition XVI
VATIV RECOVERY SOLUTIONS LLC, dba SMC
As agent for Palisades Acquisition XVI
P.O. Box 40728
Houston, TX 77240-0728

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Charles J. Schneider
39319 Plymouth Rd.
Suite 1
Livonia, MI 48150-1064

D. Anthony Sottile
Sottile & Barile
P.O. Box 476
Loveland, OH 45140-0476

Stonecrest Financial
4300 Stevens Creek Blvd #275
San Jose, CA 95129-1265

Strategic Realty Fund, LLC c/o NLC Servicing
c/o Kenneth F. Silver, Esq.
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302-0183

Webbank/fingerhut
6250 Ridgewood Road
Saint Cloud, MN 56303-0820

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bk Of Amer
Po Box 982238
El Paso, TX 79998

Capital One Bank Usa N
15000 Capital One Dr
Richmond, VA 23238

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Bike Homes, LLC

End of Label Matrix
Mailable recipients     23
Bypassed recipients      1
Total                   24

IN RE:

      Garvin D. Freeman
      Kathryn S. Barbour Freeman

                                    Case No. 16-54594
                                    Chapter 13
                                    HON. Phillip J. Shefferly

              Debtor(s).

_____/

**<u>PROOF OF SERVICE</u>**

Patricia Henderson, certifies that she is employed by the Law Office of Charles J. Schneider, P.C. and that on **<u>April 16, 2018</u>**she hand delivered a copy of Motion for Disgorgement of Attorney Fees and Award of Damages, Costs and Attorney Fees 11 U.S.C. § 526, 11 U.S.C. § 329 and 11 U.S.C. § 330 at 39319 Plymouth Rd., Suite 1, Livonia, MI, to:

Krispen S. Carroll (P49817)
719 Griswold St.
1100 Chrysler House
Detroit, MI 48226-3314

Electronically pursuant to the court notice of service and to those not electronically registered by placing documents in an envelope, correctly addressed and placing same in the U.S. Mail with postage prepaid.

                                   /s/  Patricia Henderson
                                   Patricia Henderson
                                   Charles J. Schneider, P.C.
                                   39319 Plymouth Road, Suite 1
                                   Livonia MI 48150
                                   (734) 591-4890
                                   notices@cschneiderlaw.com

Exhibit 4